United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60048
Summary Calendar
_____

CLAUDIA GOMEZ

Petitioner

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
No. A95 908 179

_____

Before KING, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Petitioner Claudia Gomez petitions this court for review of

a final order of the Board of Immigration Appeals denying her

claims for asylum, withholding of removal, and protection under

the Convention Against Torture.  In her petition for review, she

also claims that she was denied judicial review of her claims.

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

-1-

For the following reasons, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 2001, Gomez, a native and citizen of Colombia, entered the United States as a non-immigrant visitor with authorization to remain until June 10, 2002.[1] On June 7, 2002, Gomez filed an asylum application with the Immigration and Naturalization Service ("INS"),[2] but she later had to re-file her application because the INS found that her initial application was incomplete. On March 11, 2003, the INS instituted removal proceedings against Gomez under 8 U.S.C. § 1229(a).

On May 13, 2003, at her first appearance before the Immigration Judge ("IJ"), Gomez acknowledged service of the charging document and conceded removability. At the hearing, she requested asylum under 8 U.S.C. § 1158(a), withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the United

---

[1] Gomez initially was authorized to remain in the United States until December 10, 2001, but she applied for and received an extension to stay until June 10, 2002.

[2] As of March 1, 2003, the INS's administrative, service, and enforcement functions were transferred from the Department of Justice to the new Department of Homeland Security. See Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 451, 471, 116 Stat. 2135 (2002). The Bureau of Immigration and Customs Enforcement in the Department of Homeland Security assumed the INS's detention, removal, enforcement, and investigative functions. See Peters v. Ashcroft, 383 F.3d 302, 304 n.1 (5th Cir. 2004). Because the events in this case began before the reorganization, we will continue to use INS throughout this opinion to avoid confusion.

Nations Convention Against Torture ("CAT"),[3] or in the alternative, voluntary departure.

At her second hearing on July 13, 2003, Gomez testified before the IJ in an attempt to prove her claims of asylum, withholding of removal, and protection under the CAT. She alleged that between April 2001 and June 2001 she was verbally threatened by members of the National Liberation Army ("ELN"), a terrorist organization in Colombia, on account of her political opinion and membership in a particular social group. She further testified that she was afraid that members of the ELN would torture or kill her if she returned to Colombia. During the time she was threatened, she was a member of the Independent Liberal Alternative Political Movement ("MILAP"), a branch of the liberal party, and a volunteer for Funides,[4] an organization devoted to assisting low income people in Colombia.

According to Gomez's testimony, ELN members had approached her on two occasions in an attempt to convince her to join their organization. She claims that after she refused, she received death threats. Specifically, she testified that one of the ELN members who threatened her said that if she did not join ELN, she

---

[3] The United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, as enacted by Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, Div. G, § 2242(b), 112 Stat. 2681 (1998).

[4] The administrative transcript refers to "Unides," but the exhibits introduced at the hearing indicate that the group was called "Funides." A.R. at 149, 151.

could choose whether she wanted her family to find her with her mouth full of insects or floating in the river. She testified that since she left Colombia, her mother has received telephone calls stating that the ELN will be waiting for Gomez upon her return to Colombia. During her testimony, Gomez also claimed that ELN members killed two of her MILAP colleagues, and two of her other MILAP colleagues have disappeared.

At the conclusion of the hearing, the IJ denied Gomez's claims for asylum, withholding of removal, and protection under the CAT and granted voluntary departure. The IJ concluded that (1) Gomez's testimony was not credible, and (2) Gomez had failed to meet her burden of proof for the requested relief. On August 11, 2003, Gomez appealed the IJ's decision to the Board of Immigration Appeals ("BIA").

On December 27, 2004, the BIA affirmed the IJ's order in a per curiam opinion. The BIA adopted the IJ's finding that Gomez had not satisfied her burden of proof for asylum, withholding of removal, and relief under the CAT. Specifically, the BIA adopted and affirmed "the decision of the Immigration Judge insofar as he found that [Gomez] had not satisfied the burden of proof for the requested forms of relief." A.R. at 2. The BIA further concluded that even if the IJ had found Gomez to be credible, Gomez still failed to meet her burden of proving past persecution or a well-founded fear of persecution. On January 24, 2005, Gomez filed this timely petition for review of the BIA's

-4-

decision.

## II. STANDARD OF REVIEW

This court reviews the BIA's factual findings to determine if they are supported by substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). "Under substantial evidence review, we may not reverse the BIA's factual determinations unless we find not only that the evidence supports a contrary conclusion, but that the evidence compels it." Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). Thus, the petitioner must prove that the evidence she presented was so compelling that no reasonable factfinder could reach a different conclusion. 8 U.S.C. § 1252(b)(4)(B) (2000) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ."); Elias-Zacarias, 502 U.S. at 483-84; Chun, 40 F.3d at 78.

"We have authority to review only an order of the BIA, not the IJ, unless the IJ's decision has some impact on the BIA's decision." Mikhael, 115 F.3d at 302; see also Chun, 40 F.3d at 78. Here, because the BIA adopted and affirmed the IJ's decision to the extent that the IJ found that Gomez had not satisfied her burden of proof for the requested relief, we have authority to review only this aspect of the IJ's decision for substantial evidence. See Mikhael, 115 F.3d at 302.

-5-

### III. DISCUSSION

## A. Adverse Credibility Finding

Gomez argues that the IJ's adverse credibility finding is not supported by substantial evidence in the record. According to Gomez, a review of the record reveals that her testimony was consistent with her written application and was consistent during her hearing. She also contends that the IJ's adverse credibility finding is improperly based on testimony that does not go to the heart of her claim. Citing a Ninth Circuit case, Gomez maintains that minor inconsistencies in the record, such as discrepancies about dates, are not an adequate basis for an adverse credibility finding. See Vilorio-Lopez v. INS, 852 F.2d 1137, 1142 (9th Cir. 1988).

Although the BIA adopted and affirmed the IJ's findings that Gomez had not met her burden of proof for the requested relief, it did not adopt the IJ's adverse credibility finding. Rather, in its per curiam order, the BIA stated that "[e]ven if credible, we find that [Gomez] has failed on this record to establish past persecution or a well-founded fear of persecution." A.R. at 2. Based on the BIA's order, we will review the IJ's decision only to the extent that it denied Gomez's claims for asylum, withholding of removal, and protection under the CAT. See Mikhael, 115 F.3d at 303 (concluding that credibility is not an issue on appeal where the BIA stated that the IJ correctly

-6-

addressed all issues other than credibility, and reviewing the
IJ's decision only to the extent that it denied the petitioner's
claim for asylum).  In other words, we do not have the authority
to review the IJ's adverse credibility finding where, as here,
the BIA did not adopt or affirm that finding.  See id. at 302.

**B.   Gomez's Requested Relief**

Gomez next argues that the IJ erred by finding that she did
not establish her burden of proof with respect to her claims for
asylum, withholding of removal, and protection under the CAT.

### 1.   Asylum

To prevail on her claim for asylum, Gomez would have to
prove that she is a refugee, i.e., she is unable or unwilling to
return to Colombia "because of persecution or a well-founded fear
of persecution on account of race, religion, nationality,
membership in a particular social group, or political opinion."
8 U.S.C. § 1101(a)(42)(A) (defining refugee).  In order to prove
a well-founded fear of persecution, the petitioner must show that
her subjective fear of future persecution is objectively
reasonable.  See Mikhael, 115 F.3d at 304.  Gomez contends that
she established a well-founded fear of persecution on account of
her political opinion and membership in a particular social
group.[5]  As evidence of her well-founded fear of persecution,

---

[5]  Gomez does not specifically challenge the IJ's finding
that she did not meet her burden of proof for past persecution.
Rather, she challenges only the IJ's finding that she did not
establish a well-founded fear of persecution.  See Pet'r Br. at

-7-

Gomez points to her testimony that she received death threats from the ELN, the ELN killed two of her colleagues, and her mother received death threats concerning Gomez's eventual return to Colombia.

The IJ determined that Gomez had failed to show that her fear of persecution was objectively reasonable. See id. As an example, the IJ noted that Gomez had failed to show that she could not go to the Colombian authorities with her death threats from members of the ELN. A.R. at 57-58. Based on the evidence, the IJ concluded that Gomez had not established that she was a refugee and denied her request for asylum. Id. at 59.

Under the deferential standard of review we accord to the BIA's, and here, IJ's decision, we cannot conclude that Gomez established that she was a refugee entitled to the discretionary relief of asylum. Although persecution generally refers to malfeasance by government authorities, this court has recognized that persecution can occur at the hands of private persons when the government is wholly unable or unwilling to intervene. Adebisi v. INS, 952 F.2d 910, 913-14 (5th Cir. 1992) (noting that "the BIA extends the qualifying range of persecution fear to include acts by groups the government is unable or unwilling to control") (internal quotation marks omitted). Gomez has failed

23-24. Accordingly, her claim for asylum based on past persecution is waived. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its initial brief on appeal.").

to show, however, that she could not go to the Colombian authorities or that the Colombian authorities were unable or unwilling to intervene.  See id.  The record shows--and in fact, the IJ found--that the Colombian government is actively opposing guerilla organizations, such as the ELN.  See, e.g., A.R. at 54, 176, 183, 200-01.  Having reviewed the record and the parties' briefs, we conclude that Gomez has failed to "show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84.  Accordingly, the petition for review is DENIED with respect to Gomez's claim for asylum.

    2.   Withholding of Removal and Protection Under the CAT

Gomez spends very little time in her brief--if any--discussing her withholding of removal and CAT claims.  She sets out the legal standard for withholding of removal and then, in a short and cursory fashion, recognizes that the standard for withholding of removal "is a more rigorous standard than the one required for asylum."  See Pet'r Br. at 25.  Gomez fails to explain, however, how the IJ erred in denying her claims for withholding of removal and relief under the CAT.  In fact, she completely fails to mention her CAT claim in her brief.  By failing to brief any argument concerning the IJ's denial of her withholding of removal and CAT claims, Gomez has abandoned these

claims on appeal.[6]  See Thuri v. Ashcroft, 380 F.3d 788, 793 (5th

Cir. 2004) (noting that the petitioner waived her CAT claim by

failing to raise it in her petition for review); Rodriguez v.

INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993) ("[G]rounds for

reversal not set forth in a petitioner's (or appellant's) opening

brief in this Court are normally waived."); see also Calderon-

Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986) (noting

that this court does not consider issues that the party failed to

brief).

Because Gomez waived her withholding of removal and CAT

claims by failing to brief them on appeal, the petition for

review is DENIED with respect to these claims.

**C.  Due Process Violation**

Finally, Gomez argues that she did not receive a full and

fair hearing before the IJ.  Although Gomez does not refer to a

violation of her due process rights anywhere in her brief, she

contends that the IJ "created a hostile environment that

inhibited [her] testimony and rendered [her] hearing

fundamentally unfair because of [the IJ's] bias."  See Pet'r Br.

---

[6]  Even if Gomez had sufficiently raised her claim for withholding of removal, this claim would fail because she cannot meet the less stringent burden of proof required for a claim of asylum.  See Adebisi, 952 F.2d at 914 (noting that an alien who cannot establish eligibility for the discretionary grant of asylum is necessarily precluded from establishing the more stringent requirement of withholding of deportation); see also Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002) ("Withholding of removal is a higher standard than asylum.").

at 34. According to Gomez, the manner in which the IJ conducted the hearing "completely eliminated judicial review." See id. at 35.

Our review of the record reveals that Gomez did not raise this "due process" issue before the BIA. Although she argued in her brief before the BIA that the IJ created an unnecessarily hostile environment, she never referred to a violation of her due process rights or alluded to the hearing being fundamentally unfair or precluding judicial review. See A.R. at 23-24. Because Gomez failed to raise her due process challenge in her BIA appeal, we lack jurisdiction to consider this issue. See Rodriquez, 9 F.3d at 414 ("Because [the petitioner] failed to raise this issue before the BIA, he has not exhausted his administrative remedies, and we have no jurisdiction to consider these grounds."); see also Goonsuwan v. Ashcroft, 252 F.3d 383, 389 (5th Cir. 2001) (noting that the BIA should be given the first opportunity to correct any procedural errors committed during the petitioner's hearing). Accordingly, with regard to Gomez's due process claim, the petition for review is DISMISSED for lack of jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Gomez's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.

-11-