# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2021

Lyle W. Cayce
Clerk

No. 20-60714

Shahid Ashan Maradia, *also known as* Shahid Maredia, *also known as* Saiycdali Momin,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A075 006 387

Before Jolly, Haynes, and Oldham, *Circuit Judges*.[1]

Haynes, *Circuit Judge*:

Shahid Ashan Maradia, a native and citizen of India, was ordered to be deported in absentia in 1996 by an immigration judge ("IJ"), but he was not actually deported. Since then, Maradia twice unsuccessfully moved to reopen his immigration proceedings. Maradia petitioned our court for review

---

[1] Judge Oldham concurs in the judgment only.

No. 20-60714

of an order of the Board of Immigration Appeals ("BIA") that denied his second motion to reopen. We DENY his petition.

## I.    Background

In 1996, Maradia unlawfully entered the United States without inspection in violation of § 241(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(B) (1994). Shortly after, the then-Immigration and Naturalization Service[2] personally served Maradia with an Order to Show Cause and Notice of Hearing (the "OSC") for entering the United States without inspection. The OSC listed Maradia's address as a particular apartment on "Landend Street." It further stated that the date, time, and location of the hearing would be sent to the listed address and that if he changed address, he "must report" the change to the immigration court.

Maradia provided no change-of-address notice to the immigration court, so the court sent a notice with the date, time, and location of his hearing to the Landend address. Maradia did not appear at the hearing. Consequently, the IJ ordered Maradia be deported to India in absentia on August 6, 1996.

Fifteen years later, in 2011, Maradia moved to reopen his immigration proceedings, arguing that he lacked notice of the deportation hearing. Specifically, Maradia argued that he had "moved from the Landend address" a month before the notice was sent. The IJ denied Maradia's motion. Of relevance, it determined that Maradia had sufficient written notice because the notice was sent to his "last known address" as provided to the court and he "did not inform the Court of his change in address." The

---

[2] In 2003, the Immigration and Naturalization Service's functions were transferred to the new Department of Homeland Security. *See Gomez v. Gonzalez*, 163 F. App'x 268, 269 n.2 (5th Cir. 2006) (per curiam).

BIA affirmed the IJ's decision without an opinion, and Maradia did not file a petition for review.

Another eight years later, in 2019, Maradia filed a second motion to reopen his immigration proceedings and stay deportation. As in his first motion to reopen, Maradia argued that he did not receive notice. However, contrary to his first motion, Maradia now argued that the agency wrote down the wrong street address—"Landend Street"—and that the correct street address was "Lands End Street." He also argued that reopening was warranted in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).

The BIA denied Maradia's second motion to reopen. It first concluded that the motion was time and number barred under 8 C.F.R. § 1003.2(c)(2). Even if his motion was not barred, the BIA held that reopening his deportation proceedings was not warranted under *Pereira* because that case concerned a materially different statute than the one relevant to Maradia's. Maradia timely petitioned for review the BIA's denial of his second motion to reopen.[3]

## II.    Jurisdiction & Standard of Review

We have jurisdiction to review the BIA's decision denying Maradia's motion to reopen under 8 U.S.C. § 1252(a). *See Mata v. Lynch*, 576 U.S. 143, 147 (2015).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Hernandez v. Lynch*, 825 F.3d 266, 268 (5th Cir. 2016). Under

---

[3] Maradia originally petitioned for review in the Tenth Circuit, which then transferred the case to our court under 8 U.S.C. § 1252(b)(2) and 28 U.S.C. § 1631. Under § 1631, Maradia timely petitioned for review. *See* 28 U.S.C. § 1631 (noting that a petition for review that is transferred to a different court for want of jurisdiction will proceed as if it were filed on the same date that it was filed in the transferor court).

this "highly deferential" standard of review, we "must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (quotations omitted). We review the agency's factual findings for substantial evidence, meaning that we "may not overturn the [agency's] factual findings unless the evidence compels a contrary conclusion," *id.* (quotation omitted), and legal determinations de novo, *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 952 (5th Cir. 2012). In reviewing the BIA's order, we consider the IJ's underlying decision only to the extent it influenced the BIA's determination. *Hernandez*, 825 F.3d at 268.

## III. Discussion

Maradia argues that the BIA abused its discretion in denying his second motion to reopen for two reasons. We address each below and deny relief.[4]

### A. Time and Number Bar

First, Maradia argues that the BIA erred in concluding that his second motion to reopen for lack of notice was time and number barred under 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(4)(iii)(A)(2). Under § 1003.2(c)(2), a party may file "only one motion to reopen" immigration proceedings and

---

[4] We address both issues (a procedural and a substantive one), regardless of whether the substantive issue would be sufficient. *Cf. INS v. Abudu*, 485 U.S. 94, 104 (1988) (holding that the BIA may deny a motion to reopen if "the movant has not established a prima facie case for the underlying substantive relief sought"). We do so because the Government properly raised the procedural issue—which, as explained *infra* n.5, is a non-jurisdictional, claims-processing rule—independent of the substantive issue; so we must enforce the rule to the extent that the Government raises it. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019).

"that motion must be filed no later than 90 days after the date on which the final decision was rendered in the proceeding sought to be reopened." However, § 1003.23(b)(4)(iii)(A)(2) provides an exception to this time and number bar: an applicant may file a motion to reopen an order entered in absentia in deportation proceedings "[a]t any time" by "demonstrat[ing] that he or she did not receive notice."

Applying these regulations, the BIA held that Maradia's second motion was time and number barred because the IJ had denied his initial motion to reopen for lack of notice and it had dismissed Maradia's subsequent appeal of that denial without an opinion. Although Maradia now argues that he lacked notice for a different reason—that the agency allegedly wrote the address down incorrectly—he does not contest the IJ's legal determination or factual findings that it was his burden to inform the immigration court of the correct address and he failed to do so. Nor can he do so, because he did not petition for review of his first motion to reopen within thirty days. *See* 8 U.S.C. § 1252(b)(1) (imposing a thirty-day deadline to petition for review a BIA order); *Mendias-Mendoza v. Sessions*, 877 F.3d 223, 227 (5th Cir. 2017) (holding that this deadline is mandatory and jurisdictional). Maradia thus failed to "demonstrate[]" that he lacked notice,[5] and the BIA did not err in concluding that his second motion to reopen for lack of notice was time and number barred. 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2); *id.* § 1003.2(c)(2); *see also Melendez de Arriola v. Barr*, 816 F. App'x 1003, 1004 (5th Cir. 2020) (per curiam) (denying petitioners' second motion to reopen for lack of notice because the IJ and BIA

---

[5] Not only does Maradia not contest the IJ's factual findings on notice, but the record clearly does not compel the opposite conclusion. *See Hernandez*, 825 F.3d at 268. In his initial 2011 immigration proceedings, Maradia continuously stated that the address he had stayed at was the "Landend address," not the "Lands End" address that he asserts now.

No. 20-60714

already determined, in their first motion to reopen on lack-of-notice grounds, that petitioners had notice).

## B.    *Pereira*

Second, Maradia argues that the BIA erred in concluding that *Pereira* does not apply to his case.[6]  In *Pereira*, the Supreme Court addressed the requirement for a notice to appear ("NTA") in removal proceedings under 8 U.S.C. § 1229 and held that § 1229 requires the time and place of the proceedings be included in the NTA.  138 S. Ct. at 2109–10.  That statute provides that an NTA "specify[] the . . . time and place at which the [removal] proceedings will be held."  8 U.S.C. § 1229(a)(1)(G)(i).  In arguing that *Pereira* applies to his case, Maradia contends that the failure to include the date and time of his deportation hearing in his OSC constituted a lack of notice.

*Pereira*, however, is inapplicable because it deals with a materially different statute.  The relevant statute here is the now-repealed 8 U.S.C. § 1252b because Maradia's deportation proceedings began and ended before September 1996, when the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104–208, 110 Stat. 3009 (1996), passed and repealed § 1252b.  *See Ojeda-Calderon v. Holder*, 726 F.3d 669, 674 (5th Cir. 2013) (applying § 1252b's notice requirement for a review of a denial of a motion to reopen a deportation proceeding that occurred before 1996).  That statute provided that in deportation proceedings "written notice shall be given in person to the alien . . . in the order to show cause or

---

[6] Because the Government does not raise the time and number bar, which is a non-jurisdictional, claims-processing rule, *Torabi v. Gonzalez*, 165 F. App'x 326, 331 (5th Cir. 2005) (per curiam), to Maradia's *Pereira* argument, we do not address its applicability to the *Pereira*  claim; instead, we resolve this issue on the merits, *Fort Bend Cnty.*, 139 S. Ct. at 1846.

otherwise, of . . . the time and place at which the proceedings will be held." 8 U.S.C. § 1252b(a)(2)(A)(i) (1994).

The Supreme Court recently observed that the "or otherwise" language in § 1252b "expressly authorized" the agency to provide the time and place of an alien's deportation hearing in a document different than the OSC. *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1484 (2021). It noted that Congress, by enacting the IIRIRA, changed the notice requirement, such that "[n]ow time and place information must be included in a notice to appear, not 'or otherwise.'" *Id.*; *see also id.* at 1494 (Kavanaugh, J., dissenting) (agreeing that § 1252b permitted the agency to notify a noncitizen of the time and place of the removal hearing in a document separate from an OSC). Because the Supreme Court's recent decision in *Niz-Chavez* makes clear that § 1252b did not require the time and place of a deportation hearing to be in an OSC, we join all other circuits that have addressed this issue in holding that *Pereira*'s notice requirement does not apply to an OSC under § 1252b.[7] We thus conclude that the BIA did not abuse its discretion in concluding that *Pereira* did not warrant reopening Maradia's deportation proceedings.

Accordingly, we DENY Maradia's petition for review.

---

[7] *Santos-Quiroa v. Lynch*, 816 F.3d 160, 162 n.2 (1st Cir. 2016) ("[A]n OSC did not have to set forth the hearing date, notice of which could be sent separately."); *Perez-Perez v. Wilkinson*, 988 F.3d 371, 375 (7th Cir. 2021) (holding that *Pereira* did not apply to the petitioner's petition for review of the BIA's denial of his motion to reopen his deportation proceedings because the OSC was governed by a different statute with different requirements than the one at issue in *Pereira*); *Chavajay-Hernandez v. Barr*, 785 F. App'x 392, 393 (9th Cir. 2019) (holding the same); *Banuelos v. Barr*, 953 F.3d 1176, 1182 (10th Cir. 2020) (holding that, before § 1229 repealed § 1252b, an OSC did not require the date and time of the hearing); *Bilek v. U.S. Att'y Gen.*, 793 F. App'x 929, 933 & n.1 (11th Cir. 2019) (per curiam) (holding the same).