# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2023

Lyle W. Cayce
Clerk

No. 21-60587

Ruben Poghosyan,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of the Order of the
Board of Immigration Appeals
BIA No. A203 600 862

---

Before Dennis, Elrod, and Ho, *Circuit Judges*.

Per Curiam:*

Ruben Poghosyan, a native and citizen of Armenia, petitions for review from a Board of Immigration Appeals decision. He filed a motion to reopen the proceedings before the immigration court, alleging ineffective assistance of counsel. The immigration judge denied the motion. Poghosyan appealed that denial to the BIA and filed a second motion to reopen based on

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60587

intervening precedent.  The BIA denied the motion to reopen and dismissed the appeal.  Because Poghosyan fails to show any reversible error, we DENY the petition for review.

I

Poghosyan sought admission into the United States in 2019 without an entry document.  Shortly after, the Department of Homeland Security detained Poghosyan and issued a Notice to Appear.  In response, Poghosyan filed applications for asylum, withholding of removal, and protection under the Convention Against Torture.

As support for his applications, Poghosyan recounted a number of attacks and threats he says he experienced in Armenia because of his political views and activities.  For example, Poghosyan alleged that he was beaten and threatened by members of a political party for coordinating a campaign for an opposing political party.  And he testified that "the police did nothing" when he reported the incident.  He also recounted that members of the Armenian police threatened him "to force [him] to stop [his] activities in support of [the opposition party]."  He further alleged that the police arrested and "severely beat[]" him shortly before he sought admission into the United States.

Following his arrest and beating, Poghosyan filed a complaint against the officers with the Human Rights Defenders office, an Armenian governmental body responsible for the protection of human rights. According to Poghosyan, in response to his complaint, the police broke into his home and detained, interrogated, and threatened him over his support for the opposition party and his human rights complaint.  Poghosyan subsequently fled to seek asylum because, in his words, he felt that his "life was endangered" if he remained in Armenia.  Poghosyan arrived in the

No. 21-60587

United States without an entry document, and the DHS detained him and issued a Notice to Appear.

Prior to the merits hearing before the IJ, Poghosyan shared several documents with his counsel, including a medical document from a neuropathologist stating that Poghosyan has a diagnosis of "vegetative vascular dystonia (a psychological disorder marked by extreme fatigue, psychological vulnerability, anxiety and fear) with frequent hypertonic paroxysm (sudden attacks or violent expressions of emotion) and panic attacks." The neuropathologist prescribed medications and determined that "[c]onstant supervision of a neurologist, therapist, and psychologist is needed." The IJ was not aware of these documents prior to the merits hearing because Poghosyan's counsel "did not raise any concerns [about the] diagnosis."

Following the merits hearing, the IJ found Poghosyan not credible and stated that he "would deny on the basis of credibility, as well as his failure to prove . . . [that it is] more likely than not [that he] would be persecuted or tortured if he was removed to Armenia." The IJ then spoke to Poghosyan directly to explain the court's decision. During the exchange, the IJ questioned Poghosyan on whether his counsel had spoken to him regarding an appeal. The IJ explained the appeal process and noted that if Poghosyan waived his appeal, "[he] cannot change his mind at a later time." The IJ offered Poghosyan time to confer on the issue with his attorney, reminded him that a waiver would be irrevocable, and asked if he wished to waive his appeal. Poghosyan responded, "I waive." The IJ concluded that Poghosyan "knowingly and intelligently waived his right to appeal" and confirmed that counsel agreed.

Poghosyan subsequently obtained new counsel and filed a motion to reopen, alleging ineffective assistance of counsel. He alleged that his

3

No. 21-60587

previous counsel failed to seek a competency hearing and failed to preserve his right of appeal. Poghosyan also alleged a violation of his due process rights because some of the testimony was inaudible on the audio recording of the removal hearing. Without a clear audio recording, he contended, his competency at the hearing cannot be assessed properly.

The IJ denied the motion to reopen, and Poghosyan appealed to the BIA. Poghosyan then filed a second motion to reopen, this time with the BIA, seeking remand to the IJ to consider asylum in light of a new precedent vacating an agency rule that the IJ cited. The BIA denied reopening and dismissed the appeal. Poghosyan timely filed a petition for review in this court.

On petition for review, Poghosyan raises three issues. First, he argues that the BIA erred in dismissing his appeal of the IJ's denial of his motion to reopen based on ineffective assistance of counsel. Second, he argues that the BIA erred in denying his motion to reopen based on intervening precedent. Finally, he argues that the BIA erred in finding no violation of Poghosyan's due process rights.

II

This court reviews the denial of a motion to reopen or a motion for reconsideration under a "highly deferential abuse-of-discretion standard." *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017) (quoting *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006)). Conclusions of law are reviewed *de novo*, *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014), whereas "the agency's factual findings" are reviewed "for substantial evidence, meaning that [this court] may not overturn the [agency's] factual findings unless the evidence compels a contrary conclusion," *Maradia v. Garland*, 18 F.4th 458, 461 (5th Cir. 2021) (internal quotation marks and citation omitted).

4

## III

To warrant reopening the case due to ineffective assistance of counsel, Poghosyan must demonstrate that counsel's performance was "constitutionally deficient" and that he was "prejudiced" by the counsel's actions. *Diaz v. Sessions*, 894 F.3d 222, 228 (5th Cir. 2018). A showing of prejudice requires "that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted).

## A

Poghosyan argues that his former counsel provided ineffective assistance because he "failed to inform the Court of the significant competency issues present in this case, . . . and did not ask the IJ to accept testimony under safeguards to ensure [his] right to a fair trial." Poghosyan points out that he "provided [his attorney] with his medical documents months before the merits hearing." And yet, his attorney failed to alert the IJ of his mental condition. He argues that "[h]ad the IJ [been] on notice [about] the mental health concern," the IJ could have taken that into account when assessing Poghosyan's reliability.

But even though Poghosyan submitted documents showing a mental health diagnosis, that diagnosis alone is insufficient to cast doubt on his competency. *See Matter of M-A-M-*, 25 I. & N. Dec. 474, 477 (BIA 2011). On the contrary, the IJ found that Poghosyan was "coherent, appeared to understand the nature of the proceedings, and was able to answer questions" from counsel and the IJ. Similarly, the BIA determined that Poghosyan failed to show that he lacked competence at the merits hearing or that he was prejudiced by the absence of a competency hearing. The record of the hearing demonstrates that Poghosyan was able to recapitulate the alleged incidents that led to his seeking of asylum, and his testimony was largely

consistent with the record. Thus, under the deferential substantial-evidence standard, we are compelled to affirm the BIA's conclusion that Poghosyan failed to show that he was prejudiced due to his former counsel's decision not to seek a competency hearing.

## B

Poghosyan also argues that his counsel rendered ineffective assistance by advising him to waive his right to appeal. He contends that because of his former counsel's failure to provide meaningful explanation, he did not understand "what right he was giving up and the consequences of the same," especially given his psychological limitations. He argues that "but for [his former counsel's] failure," he "would have had the chance to . . . request the higher courts to review the IJ's determination."

But Poghosyan never denied that he informed his counsel that he did not wish to remain in custody for several months during an appeal. As the BIA noted, a decision in favor of a particular strategy rarely provides the basis for a claim of ineffective assistance of counsel. *See Matter of B-B-*, 22 I .& N. Dec. 309, 310 (1998); *De Zavala v. Ashcroft*, 385 F.3d 879, 884 (5th Cir. 2004).

Furthermore, Poghosyan's counsel was not the only one who ensured that he understood the consequence of the waiver. Following the hearing, the IJ noted the affirmative steps required to lodge an appeal and explained to Poghosyan multiple times that a waiver of his right to appeal would be irrevocable. The IJ explained the appeal process and noted that if Poghosyan waived his appeal, "[he] cannot change his mind at a later time." The IJ offered Poghosyan time to confer on the issue with his attorney, reminded him again that a waiver would be irrevocable, and asked if Poghosyan wished to waive his appeal. Poghosyan responded, "I waive." Under the deferential substantial-evidence standard, the record evidence does not warrant reversal

of the BIA's conclusion that Poghosyan knowingly waived his right to appeal and is thus not prejudiced by any alleged ineffective assistance.

IV

Poghosyan also filed a motion to reopen based on intervening precedent. Poghosyan argues that his case should be reopened in light of an intervening decision by the United States District Court for the District of Columbia, which vacated an interim final rule that the IJ cited. *Capital Area Immigrants' Rights Coalition v. Trump,* 471 F. Supp. 3d 25 (D.D.C. 2020); Citing that rule, the IJ denied Poghosyan's application for asylum because he had not applied for protection in any country en route to the United States. Poghosyan argues that because the rule has now been vacated, the BIA should have granted his motion to reopen.

Because the motion relied solely on a change in law, we construe the motion as a motion for reconsideration. *Cardona-Franco v. Garland*, 35 F.4th 359, 365 n.4 (5th Cir. 2022) (quoting *Gonzalez Hernandez v. Garland*, 9 F.4th 278, 283 (5th Cir. 2021)) (observing that "motions to reopen are reserved for new evidence," while "[m]otions to reconsider are limited to 'errors of law or fact in the previous order.'"). According to the applicable statute, motions for reconsideration "must be filed within 30 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(6)(B). And as the BIA noted, the motion is untimely because it "was filed more than 90 days after the Immigration Judge denied the respondent's applications for relief." In response, Poghosyan seeks equitable tolling.

The BIA determined that even assuming *arguendo* that equitable tolling is available, Poghosyan's challenge is unavailing because the IJ's adverse credibility finding can serve as an independent basis for denying Poghosyan's asylum claim. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 762 (5th Cir. 2020). As the BIA observed, the IJ denied Poghosyan's applications for

relief based on the IJ's adverse credibility finding, "and [Poghosyan] did not appeal this determination, which remains final." Because he failed to appeal the adverse credibility finding, which was the IJ's basis for denying relief, the BIA held that Poghosyan "has not adequately explained how he is statutorily eligible for asylum." Reviewing the BIA's denial under a "highly deferential abuse-of-discretion standard," we hold that the BIA did not abuse its discretion in denying Poghosyan's motion to reconsider. *Lowe*, 872 F.3d at 715 (quoting *Singh*, 436 F.3d at 487).

V

Poghosyan also contends that his due process rights were violated because the transcript and recording of the hearing fail to reflect the complete testimony. He thus argues that he was deprived of a meaningful review because of the transcription failure. But "a mere failure of transcription, by itself, does not rise to a due process violation." *Kheireddine v. Gonzales*, 427 F.3d 80, 85 (1st Cir. 2005). Rather, "[d]ue process challenges to deportation proceedings require an initial showing of substantial prejudice." *Maniar v. Garland*, 998 F.3d 235, 241 (5th Cir. 2021) (citation omitted).

As the BIA observed, Poghosyan "has not proffered what the missing testimony was or what it would have proved, and has not demonstrated that the outcome of the proceedings would have been different had there been no alleged due process violation." Nor does Poghosyan make that showing here. Thus, the BIA did not err in determining that Poghosyan failed to "demonstrate that the outcome of the proceedings would have been different had there been no alleged due process violation." And given that determination, the BIA did not err in rejecting Poghosyan's due process argument. *See Maniar*, 998 F.3d at 241–42 (rejecting a due process challenge based on missing transcripts because the alien "fails to demonstrate any prejudice, let alone substantial prejudice").

No. 21-60587

\*    \*    \*

Accordingly, the petition for review is DENIED.