# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2023

Lyle W. Cayce
Clerk

—————————

No. 22-60235

—————————

Ernes Ivan Arzu-Robledo,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

———————————————————

Appeal from the Board of Immigration Appeals
Agency No. A098 599 412

———————————————————

Before Clement, Haynes, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Petitioner Ernes Ivan Arzu-Robledo petitions for review of the Board of Immigration Appeals' order upholding the denial of his motion to reopen and denying his motion to remand removal proceedings.[1]    We DENY in part and DISMISS in part Mr. Arzu-Robledo's petition for review.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The Board treated his filing of supplemental evidence in his appeal to the Board as a motion to remand to the immigration judge to consider that evidence.

No. 22-60235

## I. Background

### A. Facts

On January 17, 2005, Mr. Arzu-Robledo—a native and citizen of Honduras, who is also a Garifuna[2] land rights activist—unlawfully entered the United States near Roma, Texas.  Shortly after entry he was apprehended by immigration officials and processed for removal proceedings under 8 U.S.C. § 1229.  A few days later, Mr. Arzu-Robledo was personally served with a Notice to Appear stating that he should appear before the immigration court in Harlingen, Texas on February 18[3] to respond to the charges against him—inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without having been admitted or paroled.  He failed to appear before the immigration court.  Consequently, the court in 2005 ordered that he be removed *in absentia*.  8 U.S.C. § 1229a(b)(5)(A).

### B. Procedural History

#### 1. *Mr. Arzu-Robledo's First Motion to Reopen*

Fourteen years later, in November 2019, Mr. Arzu-Robledo filed a motion to reopen with the immigration court, alleging he did not receive proper notice of the hearing.  He also sought to reopen the proceedings so he could seek relief from removal based on his alleged eligibility for asylum

---

[2] The Garifuna are a marginalized ethnic community who are "the descendants of former African slaves and the indigenous Arawak populations who were exiled from British St. Vincent Island in 1797. . . . In Honduras, the[ir] communities have maintained collective titles for the communal lands where they reside."  Those communal lands include "pristine beaches," and the Garifuna "have increasingly faced the dispossession of their land by industry and private businesses," who seek to develop the territory for "large scale tourism" and other projects.

[3] In other words, unlike some cases where the Notice to Appear handed to the noncitizen seeking asylum does not state the date or location, this one stated both.

No. 22-60235

under § 208, withholding of removal under § 241(b)(3) of the Immigration and Nationality Act, and protection pursuant to the Convention Against Torture. To support relief from removal, Mr. Arzu-Robledo explained that because he was Garifuna, he was targeted by the gangs and persecuted in his home country.

The immigration judge denied his motion to reopen. In pertinent part, the immigration judge reasoned that Mr. Arzu-Robledo's motion was untimely because it was not filed within ninety days of the final administrative order of removal, and he failed to satisfy the changed country conditions exception to the ninety-day time limit because his evidence only established a continuation of discrimination against the Garifunas in Honduras. The immigration judge also concluded that the circumstances of the case did not warrant sua sponte reopening.

### 2. *Mr. Arzu-Robledo's Successive Motion to Reopen*

In January 2020, Mr. Arzu-Robledo, through new counsel, filed a successive motion to reopen. He argued that because his initial attorney's alleged ineffective assistance of counsel prevented him from sufficiently showing changed country conditions, the immigration judge should construe his successive motion to reopen as if it were his first motion. He then reasserted his argument that his motion to reopen should be granted so he could seek asylum and withholding of removal because of Honduras's changed country conditions. Specifically, Mr. Arzu-Robledo contended that the violent repression of Honduran land right and environmental activists that followed the 2009 coup and the 2019 spike in targeted killings of human rights defenders and Garifuna activists both constituted changed country conditions. Likewise, he reasserted his argument that the immigration judge should sua sponte reopen the proceedings.

No. 22-60235

In February 2020, the immigration judge denied Mr. Arzu-Robledo's successive motion to reopen. It reasoned that it did not need to consider Mr. Arzu-Robledo's ineffective assistance of counsel claim because he still failed to show changed country conditions. Specifically, because he did not submit evidence of Honduras's conditions at the time of his 2005 removal order, the immigration judge could not compare the country's conditions at the time of the order and its conditions thereafter. Instead, the immigration judge concluded that Mr. Arzu-Robledo's evidence, again, only showed an incremental change or continuing trend of violence in Honduras. The immigration judge further concluded it would not exercise its discretionary authority to sua sponte reopen Mr. Arzu-Robledo's proceedings since this authority is not intended to circumvent regulations.

### 3. *Mr. Arzu-Robledo's Appeal to the Board and Instant Petition*

Mr. Arzu-Robledo appealed the immigration judge's decision to the Board. He argued that the immigration judge erred in concluding he did not show changed country conditions because the evidence of the military coup in 2009 and massive spike in the killings of human rights defenders in 2019 were material changes. He further argued that the immigration judge erred when it declined to use its discretionary authority to sua sponte reopen the proceedings. Lastly, Mr. Arzu-Robledo supplemented the evidence in support of his successive motion to reopen and further argued that the Board should remand the case in light of our intervening decision in *Inestroza-Antonelli v. Barr*, 954 F.3d 817 (5th Cir. 2020).

The Board affirmed the denial of Mr. Arzu-Robledo's appeal. As relevant here, it concluded that Mr. Arzu-Robledo's successive motion to reopen was both time and number barred because he failed to show changed country conditions. Specifically, the Board agreed with the immigration judge that because Mr. Arzu-Robledo did not present sufficient evidence of

Honduran country conditions in 2005, the immigration judge could not engage in a comparative analysis to determine whether any change in conditions was material. The Board further noted that even if it took administrative notice of the 2005 State Department Human Rights Report, which Mr. Arzu-Robledo failed to submit to the immigration judge, that report and the fact that Mr. Arzu-Robledo was attacked and tortured in 2004 for protecting land merely establish "the continuation of a centuries long-trend." The Board similarly denied his motion to remand, rejected his comparison to *Inestroza-Antonelli*, and declined to reopen or remand pursuant to its sua sponte authority. This timely petition followed.

## II. Jurisdiction & Standard of Review

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review final orders of removal, including "decisions refusing to reopen or reconsider such orders." *Mejia v. Whitaker*, 913 F.3d 482, 487 (5th Cir. 2019) (quoting *Mata v. Lynch*, 576 U.S. 143, 147–48 (2015)).

We review the denial of a motion to reopen and a motion to remand "under a highly deferential abuse-of-discretion standard." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (quotation omitted); *Suate-Orellana v. Barr*, 979 F.3d 1056, 1062 (5th Cir. 2020) (quotation omitted). The Board abuses its discretion when it issues a decision that is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (quotation omitted). The Board's conclusions of law are reviewed de novo, and its factual findings are reviewed for substantial evidence. *Barrios-Cantarero*, 772 F.3d at 1021. Generally, we lack jurisdiction to consider the Board's denial of sua sponte relief, *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249 (5th Cir. 2004) *overruled on other grounds by Mata*, 576 U.S. at 149–

No. 22-60235

50), although we have jurisdiction to consider constitutional questions and the legal authority for the Board in that context. *See Mejia*, 913 F.3d at 490; *Rodriguez-Saragosa v. Sessions*, 904 F.3d 349, 355 (5th Cir. 2018).

Generally, we have authority to review only the Board's decision, but "we may also review the [immigration judge]'s decision when it has some impact on the B[oard]'s decision, as when the B[oard] has adopted all or part of the [immigration judge]'s reasoning." *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010). Moreover, we "may usually only affirm the B[oard] on the basis of its stated rationale." *Id.*

### III. Discussion

Mr. Arzu-Robledo raises three issues on appeal: (1) whether the Board abused its discretion in denying his successive motion to reopen; (2) whether the Board erred in failing to remand the case; and (3) whether the Board erred in failing to exercise its sua sponte authority to reopen his case. Each issue is addressed below, but none warrant reversal.[4]

### A. Successive Motion to Reopen

There are two obvious statutory impediments to Mr. Arzu-Robledo's successive motion to reopen—the time and number limitations. *Deep v. Barr*, 967 F.3d 498, 500 (5th Cir. 2020) (explaining "an alien may generally file only one motion to reopen his removal proceeding and that motion must be filed within [ninety] days of the final order of removal"); *see also* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). To overcome these hurdles, he contends that the number limitation should be equitably tolled because of his initial attorney's

---

[4] Because the Board did not abuse its discretion in concluding that Mr. Arzu-Robledo failed to show changed country conditions, we need not and do not consider whether the Board erred in finding that Mr. Arzu-Robledo failed to show the requisite due diligence in pursuing the discretionary relief of asylum.

ineffective assistance of counsel and that he satisfies the changed country conditions exception to the time limitation. Regardless of the merit of Mr. Arzu-Robledo's equitable tolling claim, we agree with the Board that he has failed to show changed country conditions.[5]

### 1. Changed Country Conditions

Mr. Arzu-Robledo contends that the Board abused its discretion when it assessed changed country conditions because it concluded his evidence of the 2009 coup and post-2019 worsening conditions showed merely an incremental change or a continued trend. We disagree.

To be subject to the exception to the ninety-day time limitation, Mr. Arzu-Robledo's motion must be based "on changed country conditions arising in the country of nationality or the country to which removal has been ordered," and he must submit evidence that is material, was not available, and "would not have been discovered or presented at the previous proceeding." *Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018) (per curiam) (quoting 8 U.S.C. § 1229a(c)(7)(C)(ii)). This is a heavy burden as it requires Mr. Arzu-Robledo to make "a meaningful comparison between the conditions at the time of the removal hearing and the conditions at the time the alien filed h[is] motion to reopen." *Id.*

The Board agreed with the immigration judge that Mr. Arzu-Robledo did not present sufficient evidence of Honduran country conditions in 2005

---

[5] While the ninety-day time limitation for a motion to reopen is subject to the changed country conditions exception, *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016), the number bar is not. *Djie v. Garland*, 39 F.4th 280, 284 (5th Cir. 2022). Mr. Arzu-Robledo argues equitable tolling to address this. Given the Board's decision on the merits, we do not and need not address this issue. *See Maradia v. Garland*, 18 F.4th 458, 462 n.6 (5th Cir. 2021) (explaining the time and number bars are non-jurisdictional, claims-processing rules).

No. 22-60235

and therefore he could not satisfy his burden of showing a change in country conditions.[6] The immigration judge's finding on this point has support in the record. Mr. Arzu-Robledo's successive motion to reopen focused on the governmental and economic changes after the 2009 coup that disenfranchised environmental activists as well as the 2019 increase in targeted killings of human rights defenders. This left the immigration judge to infer as to Honduras's conditions in 2005.[7] Moreover, he did not submit the 2005 State Department Report in his successive motion to reopen, which the Board had to take administrative notice of on appeal in order to have a baseline against which it could adequately compare country conditions.[8] It therefore cannot be said that Mr. Arzu-Robledo carried his "heavy burden" of "making a meaningful comparison between the conditions at the time of the removal hearing" and the conditions at the time of his successive motion to reopen when he effectively left that burden to the immigration judge and the Board. *See Nunez*, 882 F.3d at 509.

Based on this record, we cannot say that the Board's order affirming the immigration judge's decision was "utterly without foundation in the

---

[6] The fact that Mr. Arzu-Robledo did not present sufficient evidence of Honduran country conditions in 2005 also differentiates this case from *Inestroza-Antonelli v. Barr*, where the petitioner did "introduce[] a great deal of evidence concerning conditions as they existed at the time of her removal hearing and how they significantly differed from [the country's] current conditions." 954 F.3d 813, 817 (5th Cir. 2020).

[7] Mr. Arzu-Robledo's focus on the events in 2009 and 2019 ignores the fact that the country's conditions can go up and down—e.g., Honduras's conditions in 2005 might be the same as or similar to the conditions in 2009 even if the conditions in 2006 or 2007 improved from 2005 and were much better than those in 2009.

[8] The Board also concluded that even if it considered this information, it did not show a sufficient change in country conditions. We cannot find that to be an abuse of discretion.

evidence [n]or can we say that the evidence compels a contrary conclusion." *Id.* at 510 (internal quotation marks and citations omitted).

### B.    Motion to Remand

Mr. Arzu-Robledo contends the Board abused its discretion in denying his motion to remand because it arbitrarily ignored supplemental evidence that was material and previously unavailable.  Again, we disagree.

"A motion to remand for new evidence shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Suate-Orellana*, 979 F.3d at 1062 (quotation omitted).  Mr. Arzu-Robledo takes issue with the Board's interpretation of the phrase "former hearing."  He contends that this phrase refers to his 2005 removal hearing, not the timing of his successive motion to reopen in the immigration court as the Board concluded.  Therefore, according to Mr. Arzu-Robledo, the Board abused its discretion in ignoring his expert report.

We need not decide this issue because what he points to does not show that the supplemental evidence is material.  *See also Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 (5th Cir. 2021) (addressing whether there is any "realistic possibility" that the Board would have granted the motion (quotation omitted)).  With respect to other new evidence, as the Board noted, Mr. Arzu-Robledo's supplemental evidence consisted of news articles and documents that were "relevant in assessing contemporary country conditions," but not material to determine the 2005 baseline.  The expert report suffers from the same fatal flaw.  As such, the Board acted within its discretion in finding that Mr. Arzu-Robledo's supplemental evidence did not warrant remand.  *See Suate-Orellana*, 979 F.3d at 1063 (upholding the denial of a motion to remand where the new evidence "suffered from the same shortcoming" as the previous evidence).

No. 22-60235

### C.  Sua Sponte Reopening

Mr. Arzu-Robledo's final contention is that the Board erred in denying his request for sua sponte relief because it did not fully consider the facts and circumstances that supported his request.[9]  He acknowledges that we generally do not have jurisdiction to review such claims but contends that, per our decision in *Zamora-Garcia v. I.N.S.*, 737 F.2d 488, 491 (5th Cir. 1984), the Board must "actually consider the facts and circumstances" relevant to a discretionary claim.

While we do not dispute the general proposition that we generally review the Board's decision "procedurally to ensure that the complaining alien has received full and fair consideration of all circumstances that give rise to his or her claims," *Abdel-Masieh v. I.N.S.*, 73 F.3d 579, 585 (5th Cir. 1996) (internal quotation marks and citation omitted), we do dispute that we have jurisdiction to direct the Board on what it should say when denying a request for sua sponte relief, *see Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017); *see also Djie v. Garland*, 39 F.4th 280, 288 (5th Cir. 2022) (citing *Qorane v. Barr,* 919 F.3d 904, 911 (5th Cir. 2019) ("We've long held that Congress gave us no jurisdiction to review the BIA's denial of '*sua sponte*' reopening.")).  Accordingly, we dismiss this argument.

### IV. Conclusion

For the reasons set forth above, we DENY in part and DISMISS in part Mr. Arzu-Robledo's petition for review.

---

[9]    This argument ignores that the Board's opinion previously discussed, and therefore considered, all of the facts well before denying sua sponte relief and also provided a justification for its denial.