# United States Court of Appeals for the Fifth Circuit

———————

No. 23-60584
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2024

Lyle W. Cayce
Clerk

Carlos Ruben Zuniga,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A091 629 473

———————————————————

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Carlos Ruben Zuniga, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) denial of his third motion to reopen, which was filed 22 years after his removal order became final. In it, he argued that reopening was warranted because (1) he was issued a notice to appear that was defective under *Niz-Chavez v. Garland*, 593 U.S. 155

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

(2021), and therefore jurisdiction was never vested in the immigration court; and (2) he was prima facie eligible for cancellation of removal because his assault conviction no longer qualified as an aggravated felony given the Supreme Court's decision in *Borden v. Unites States*, 539 U.S. 420 (2021), and this court's decision in *Gomez Gomez v. Garland*, 23 F.4th 575 (5th Cir. 2022. The BIA denied the motion on the grounds that it was time and number barred. Although it addressed the arguments in favor of reopening set forth in Zuniga's motion and deemed them meritless, it did not deny the motion on that ground, and we may only affirm the BIA based on its stated rationale. *Argueta-Hernandez v. Garland*, 87 F.4th 698, 707 (5th Cir. 2023).

Subject to exceptions that are inapplicable in this case, "an alien may generally file only one motion to reopen his removal proceeding and that motion must be filed within 90 days of the final order of removal." *Deep v. Barr*, 967 F.3d 498, 500 (5th Cir. 2020); *see also* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). This court applies "a highly deferential abuse-of-discretion standard in reviewing the denial of a motion to reopen removal proceedings." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017). The BIA's factual findings are reviewed for substantial evidence and questions of law are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

The number bar "is a non-jurisdictional, claims-processing rule." *Maradia v. Garland*, 18 F.4th 458, 462 n.6 (5th Cir. 2021). When, as here, the number bar is raised, the petition for review should be denied. *See id.*; *Djie v. Garland*, 39 F.4th 280, 287-88 (5th Cir. 2022). Whether Zuniga's motion to reopen was number barred involves application of a legal standard to undisputed facts for the purpose of determining whether he was eligible for the relief sought. *See Wilkinson v. Garland*, 601 U.S. 209, 217-19, 225 (2024); *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 227-28 (2020). Accordingly, we have jurisdiction to consider the issue. *See Wilkinson*, 601

No. 23-60584

U.S. at 217-19, 225; *Guerrero-Lasprilla*, 589 U.S. 221, 227-28; *see also Flores-Moreno v. Barr*, 971 F.3d 541, 544 (5th Cir. 2020) (concluding that this court had jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to address petitioner's challenge to the BIA's denial of motion to reopen as untimely and its refusal to apply equitable tolling).

Zuniga's opening brief fails to address the BIA's finding that his motion was time and number barred. In response to the Respondent's argument that the BIA properly denied his motion to reopen because it was number barred, Zuniga argues in his reply brief that a recent amendment to 8 C.F.R. § 1003.2(c)(3) provides that an alien may file a motion after 90 days and a second or subsequent motion to reopen "based on a material change of fact or law." Zuniga could have raised this issue in his opening brief, and his failure to do so deprived the Respondent of the opportunity to address the issue. Accordingly, we do not consider it.[1] *See Alejos-Perez v. Garland*, 93 F.4th 800, 807 (5th Cir. 2024) ("[Petitioner's] failure to raise these authorities in his opening brief forfeits his ability to rely on them, as the government had no ability to respond."); *see also Bertrand v. Garland*, 36 F.4th 627, 631 n.1 (5th Cir. 2022); *Nunez v. Sessions*, 882 F.3d 499, 508 n.5 (5th Cir. 2018). Finally, Zuniga has waived any challenge to the BIA's refusal to exercise its discretionary authority to reopen his immigration proceedings sua sponte by not briefing the issue. *See Alejos-Perez*, 93 F.4th at 807.

Because the Respondent has invoked the number bar and Zuniga fails to establish that his motion to reopen is not number barred or that he qualifies

---

[1] Moreover, even if Zuniga had raised this issue earlier, we have declared similar provisions of 8 C.F.R. § 1003.2(c)(3) invalid to the extent they attempt to override the number bar provided by statute in 8 U.S.C. § 1229a(c)(7)(A). *See Djie*, 39 F.4th at 284-85.

3

for an exception to the number bar, we DENY his petition for review. *See Djie*, 39 F.4th at 287-88.