# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-60297
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2025

Lyle W. Cayce
Clerk

Yussif Abdulai,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A240 287 357

————————————————————

Before Elrod, *Chief Judge*, and Haynes, and Duncan, *Circuit Judges*.
Per Curiam:[*]

Yussif Abdulai, a native and citizen of Ghana, petitions this court for review of a 2024 decision by the Board of Immigration Appeals (BIA) denying his motion for reconsideration and reopening. The BIA's decisions in 2023 are not before the court because Abdulai did not file petitions for

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

review of the decisions of the BIA. *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1027 (5th Cir. 2016).

Motions to reopen are "disfavored" and are reviewed under "a highly deferential abuse-of-discretion standard." *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304-05 (5th Cir. 2017) (internal quotation marks and citations omitted). This standard requires a ruling to stand as long as "it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (citation omitted). Motions to reconsider are likewise reviewed under the "highly deferential abuse-of-discretion standard" outlined above. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017) (internal quotation marks and citation omitted).

Abdulai fails to establish that BIA's denial of his motion to reopen and reconsider constituted an abuse of discretion. *See Lowe*, 872 F.3d at 715; *Zhao*, 404 F.3d at 304. As the Respondent asserts, the motion for reconsideration was properly denied as number barred. *See* 8 C.F.R. § 1003.2(b); *see Maradia v. Garland*, 18 F.4th 458, 462 n.6 (5th Cir. 2021) (motion to reopen). Regarding Abdulai's motion to reopen, the BIA correctly applied its longstanding "place-of-filing" rule, which provides that when the BIA dismisses an appeal as untimely without adjudicating the merits, it will only entertain motions to reconsider the finding of untimeliness. Motions challenging any other finding or requesting reopening must be made to the IJ. *See Matter of Lopez*, 22 I. & N. Dec. 16, 17 (BIA 1998); *Matter of Mladineo*, 14 I. & N. Dec. 591, 592 (BIA 1974).

The petition for review is DENIED. The Government's motion for summary denial is DENIED as moot.