# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2025

Lyle W. Cayce
Clerk

No. 24-60368
Summary Calendar

———————

Carlos Ruben Zuniga,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A091 629 473

———————

Before Jolly, Jones, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Carlos Ruben Zuniga, a native and citizen of Mexico, petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his fourth motion to reopen.

Motions to reopen are "disfavored" and are reviewed under "a highly deferential abuse-of-discretion standard." *Gonzalez-Cantu v. Sessions*, 866

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

F.3d 302, 304-05 (5th Cir. 2017) (internal quotation marks and citations omitted). Subject to exceptions that are inapplicable in this case, "an alien may generally file only one motion to reopen his removal proceeding and that motion must be filed within 90 days of the final order of removal." *Deep v. Barr*, 967 F.3d 498, 500 (5th Cir. 2020); *see* 8 U.S.C. § 1229a(c)(7)(A), (C)(iv); 8 C.F.R. § 1003.2(c)(3). When, as here, the number bar is raised, the petition for review "must be denied," even assuming arguendo that the arguments raised therein are meritorious. *Djie v. Garland*, 39 F.4th 280, 287-88 (quote at 288) (5th Cir. 2022); *see Maradia v. Garland*, 18 F.4th 458, 462 n.6 (5th Cir. 2021).

Zuniga also argues that the BIA erred by not vacating an expedited removal order issued by the Department of Homeland Security in 2018, and erroneously determined that it lacked jurisdiction to vacate the order. However, we lack jurisdiction on review of this order of the BIA to address Zuniga's concerns regarding an expedited removal order issued by the DHS. *See* 8 U.S.C. § 1252(a)(2)(A), (e); *see also* 8 U.S.C. § 1225(b)(1)(A) (expedited removal proceedings); *cf. Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140-41 (2020) (holding that § 1252(e)(2), which limited judicial review of § 1225(b)(1) expedited removal proceedings to habeas corpus proceedings and limited the habeas review, did not violate the Suspension Clause).

Further, Zuniga has waived any challenge to the BIA's refusal to reopen his immigration proceedings sua sponte. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Nunez v. Sessions*, 882 F.3d 499, 508 n.5 (5th Cir. 2018).

Accordingly, the petition for review is DENIED. The Government's motion to summarily deny the petition for review is DENIED as moot.