# Matter of J- L- L-, Applicant

*Decided February 10, 2023*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

*Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), are inapplicable to proceedings initiated by a Notice to Applicant for Admission Detained for Hearing Before Immigration Judge ("Form I-122") and other charging documents issued prior to the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546. *Matter of Arambula-Bravo*, 28 I&N Dec. 388 (BIA 2021), followed.

FOR THE APPLICANT: Yee Ling Poon, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Wendy Leifer, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Deputy Chief Appellate Immigration Judge; HUNSUCKER; Appellate Immigration Judge; NOFERI, Temporary Appellate Immigration Judge.

NOFERI, Temporary Appellate Immigration Judge:

This matter was last before the Board on September 13, 2004, when we dismissed the applicant's appeal from the Immigration Judge's decision ordering him removed. On October 7, 2021, the applicant filed a motion to reopen. The Department of Homeland Security has opposed the motion. The motion will be denied.

The applicant was placed into exclusion proceedings by a Notice to Applicant for Admission Detained for Hearing Before Immigration Judge ("Form I-122") dated April 16, 1995. The Form I-122 listed the address and date of the hearing before an Immigration Judge as "to be calendared." The applicant now argues that his proceedings should be reopened under *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), and *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because the Form I-122 did not include the date and time of the initial hearing, and he should be allowed to apply for cancellation of removal under section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1). In support of the motion, the applicant submitted a Form EOIR-42B application for cancellation of removal and documents regarding his personal and family circumstances. *See* 8 C.F.R. § 1003.2(c)(1) (requiring supporting evidentiary material).

The motion to reopen is untimely. 8 C.F.R. § 1003.2(c)(2). The applicant requests sua sponte reopening based on an asserted change in law. *See* 8 C.F.R. § 1003.2(a). For the reasons explained further below, the Supreme Court's holdings in *Pereira* and *Niz-Chavez* are inapplicable to this case, and do not change the law relevant to the applicant's motion such that the applicant would be eligible for the underlying relief he seeks if his proceedings were reopened.

The applicant was placed in exclusion proceedings by the issuance of a Form I-122, not in removal proceedings by the issuance of a notice to appear. Until April 1, 1997, inspection at U.S. ports of entry was governed by former section 235 of the INA, 8 U.S.C. § 1225 (1994), and exclusion proceedings were governed by former section 236 of the INA, 8 U.S.C. § 1226 (1994). Neither statute, nor applicable implementing regulations at the time, required that a Form I-122 include the time and place of the initial hearing.[1]

Subsequent to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 (enacted Sept. 30, 1996) ("IIRIRA"), removal proceedings became the sole and exclusive procedure for determining admissibility and removability. *See* IIRIRA § 304, 110 Stat. at 3009-587 to 3009-588 (codified at INA §§ 239, 240, 8 U.S.C. §§ 1229, 1229a (Supp. II 1996)); *see also* IIRIRA § 303, 110 Stat. at 3009-585 (deleting the exclusion provisions of section 236 from the INA effective April 1, 1997). Pertinent here, IIRIRA specified that removal proceedings were initiated by a "notice to appear" and stated that a notice to appear "shall be given . . . to the alien . . . specifying . . . [t]he time and place at which the proceedings will be held." INA § 239(a)(1)(G)(i), 8 U.S.C. § 1229(a)(1)(G)(i); IIRIRA § 304(a)(3), 110 Stat. at 3009-587 to 3009-588; *see also Niz-Chavez*, 141 S. Ct. at 1484 ("[IIRIRA] changed the name of the charging document—and it changed the rules governing the document's contents.").

However, section 239(a) of the INA, 8 U.S.C. § 1229(a), governs only notices to appear, not pre-IIRIRA charging documents. We have thus held that *Pereira* does not apply to the broader category of "charging documents" listed under 8 C.F.R. § 1003.13 (which includes pre-IIRIRA charging

---

[1] *See* former INA § 235(b), 8 U.S.C. § 1225(b) (1994) ("Every alien . . . who may not appear to the examining immigration officer at the port of arrival to be clearly and beyond a doubt entitled to land shall be detained for further inquiry to be conducted by [an immigration judge]."); former INA § 236(a), 8 U.S.C. § 1226 (1994) (regarding conduct of exclusion proceedings); 8 C.F.R. § 235.6 (1995) ("If, in accordance with the provisions of section 235(b) of the Act, the examining immigration officer detains an alien for further inquiry before an immigration judge, he shall immediately sign and deliver to the alien a Notice to Alien Detained for Hearing by an Immigration Judge (Form I-122).").

documents like a Form I-122).[2]  *Matter of Arambula-Bravo*, 28 I&N Dec. 388, 393–94 (BIA 2021).  *Niz-Chavez* also distinguished orders to show cause, which initiated deportation proceedings, from notices to appear by pointing out that former section 242B(a)(2)(A) of the INA, 8 U.S.C. § 1252b(a)(2)(A) (1994), expressly authorized the government to specify the place and time for a hearing "in the order to show cause *or otherwise*" but "IIRIRA changed all that."  141 S. Ct. at 1484 (emphasis in original, citation omitted).  *See also Pereira*, 138 S. Ct. at 2117 n.9 (acknowledging that "orders to show cause did not necessarily include time-and-place information").

A Form I-122 is similarly distinguishable from a notice to appear.  While the pre-IIRIRA statutes governing exclusion proceedings lacked the express "or otherwise" authorization of former section 242B(a)(2)(A) of the INA, 8 U.S.C. § 1252b(a)(2)(A) (1994), more importantly those statutes lacked the affirmative time-and-place language of today's section 239(a) of the INA, 8 U.S.C. § 1229(a).  *Pereira* and *Niz-Chavez* held that that time-and-place information must be included in the notice to appear for it to trigger the stop-time rule.  Accordingly, we hold that *Pereira* and *Niz-Chavez* are inapplicable to proceedings initiated by a Form I-122 and other pre-IIRIRA charging documents.

Our conclusion is consistent with the decision of the United States Court of Appeals for the Second Circuit, the jurisdiction in which this case arises, in *Jiang v. Garland*, 18 F.4th 730, 734–35 (2d Cir. 2021) (stating that the requirement that time and place of hearing be specified in a single notice to appear in order to trigger the stop-time rule does not apply to orders to show cause issued prior to IIRIRA).  The Second Circuit found it "dispositive" that the respondent in that case was charged via a pre-IIRIRA document (there, an order to show cause), while the relevant charging document in *Niz-Chavez* was a post-IIRIRA notice to appear.  *Id.* at 734.  Thus, the Second Circuit found *Niz-Chavez* and *Pereira* "not controlling."  *Id.* at 734.  *See also generally Maradia v. Garland*, 18 F.4th 458, 462–63 (5th Cir. 2021) (providing that *Pereira* does not apply to a motion to reopen an in absentia deportation order); *Perez-Perez v. Wilkinson*, 988 F.3d 371, 375 (7th Cir. 2021) (similar).

Because the holdings in *Niz-Chavez* and *Pereira* do not apply to the applicant, he has not shown a change in law making him prima facie eligible for cancellation of removal.[3]  We add that the applicant is also not eligible

---

[2]  The other pre-IIRIRA charging documents listed in 8 C.F.R. § 1003.13 are an order to show cause and a Notice of Intention to Rescind and Request for Hearing by Alien.

[3]  The applicant also argues that the relevant time limitation on the motion to reopen should be equitably tolled due to a change in law.  Because *Pereira* and *Niz-Chavez* do not change the law applicable to this motion, we need not consider whether principles of

for cancellation of removal because he was placed in exclusion proceedings, not removal proceedings. *See Matter of Perez*, 22 I&N Dec. 689, 691 (BIA 1999) (stating that section 240A of the INA, 8 U.S.C. § 1229b, applies to respondents unless they are currently in deportation or exclusion proceedings) (citing IIRIRA § 304(c)(2), 110 Stat. at 3009-597, and IIRIRA § 309(c)(1), 110 Stat. at 3009-625); *see also Perez-Perez*, 988 F.3d at 376 (noting the respondent was not eligible for cancellation of removal because she was placed in deportation proceedings before IIRIRA). Because the holding in *Niz-Chavez* only applies to the stop-time rule in the context of cancellation of removal applications in removal proceedings, it has no bearing on an applicant's eligibility for forms of relief available in exclusion or deportation proceedings. *See generally Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021) ("As with *Pereira*, *Niz-Chavez* focused only on the stop-time rule . . . ."); *Matter of Arambula-Bravo*, 28 I&N Dec. at 392 (stating that "application of *Niz-Chavez* is limited to the types of relief implicated by *Pereira*").

Accordingly, we will deny the applicant's motion to reopen because the applicant has not presented a relevant change in law, and thus we need not further consider whether an exceptional situation exists that warrants sua sponte reopening. *See Matter of G-D-*, 22 I&N Dec. 1132, 1135 (BIA 1999) (describing when a change in law impacts an applicant's case to an extent warranting the "extraordinary intervention of our sua sponte authority"); *see also Matter of J-J-*, 21 I&N Dec. 976, 984 (BIA 1997) (observing that sua sponte reopening is not intended to be used to "circumvent the regulations, where enforcing them might result in hardship").

**ORDER:** The motion is denied.

---

equitable tolling apply to this motion. *Cf. Matter of Nchifor*, 28 I&N Dec. 585, 589 (BIA 2022) (denying a timely motion to reopen because "*Niz-Chavez* does not represent a change in law" applicable to that motion). Moreover, regarding the time limitation, the applicant cites 8 C.F.R. § 1003.2(c)(1) to argue that "circumstances that have arisen subsequent to the hearing" warrant reopening. However, the applicant has not articulated any changed circumstances apart from his asserted change in law.