**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAN PING LIN, AKA Wen-Bin Lin, | No. 19-71623 |
| Petitioner, | Agency No. A072-968-966 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023[**]

Before: CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Wan Ping Lin, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

exclusion proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 983, 986 (9th Cir. 2010).  We deny the petition for review.

Lin's contention that the agency lacked jurisdiction over his proceedings under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), fails.  *See* 8 U.S.C. § 1226(a) (1988) (information regarding conduct of exclusion proceedings, referring to regulations); 8 C.F.R. § 1240.30 ("An exclusion proceeding is commenced by the filing of Form I-122 with the Immigration Court, and an alien is considered to be in exclusion proceedings only upon such filing."); *see also Matter of J-L-L-*, 28 I. & N. Dec. 684, 685 (BIA 2023) ("Neither [governing] statute, nor applicable implementing regulations at the time, required that a Form I-122 include the time and place of the initial hearing."); *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction).

Because Lin does not challenge the BIA's alternative denial of his motion to reopen as a matter of discretion, this issue is waived and provides an alternative basis for denying the petition.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**