23-7221
Magassouba v. Bondi

BIA
A078 430 196

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-six.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> BETH ROBINSON,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

MOUSTAPHA MAGASSOUBA,
> *Petitioner,*

v.                                                    **23-7221**
                                                      **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

**FOR PETITIONER:** Moustapha Magassouba, pro se, New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Rachel L. Browning, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner, Moustapha Magassouba, a native and citizen of Guinea, seeks review of a September 20, 2023, decision of the BIA denying his motion to reopen his removal proceedings to apply for adjustment of status. *In re Magassouba*, No. A078 430 196 (B.I.A. Sep. 20, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion, factual findings for substantial evidence, and questions of law, such as constitutional claims and ineffective assistance of counsel claims, de novo. *Luna*

2

*v. Holder*, 637 F.3d 85, 102–03 (2d Cir. 2011); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

It is undisputed that Magassouba's 2023 motion to reopen was untimely and number-barred because the final administrative order of removal was entered in 2011. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i) ("An alien may file one motion to reopen . . . [which] shall be filed within 90 days of the date of entry of a final administrative order of removal."); *see* 8 C.F.R. § 1003.2(c)(2) (same). Magassouba's eligibility to adjust to lawful permanent resident status is not an exception to the time and number limitations. *See* 8 U.S.C. § 1229a(c)(7)(C) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) ("[U]ntimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory

3

exceptions to the time limits for motions to reopen before the Board and will ordinarily be denied.").

Although Magassouba's brief references changed conditions in Guinea and changed personal circumstances, the changed conditions exception is relevant only to motions to reopen to apply for asylum and related relief "based on changed country conditions." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). His 2023 motion to reopen, which is the only subject of the September 2023 decision before us, did not seek reopening to apply for asylum. Magassouba also asserts here that a 2021 asylum application and evidence of a military coup in Guinea is missing from the certified administrative record. The record does not reflect a 2021 motion, but as the current petition brings up only the 2023 motion for review, which did not mention a pending 2021 motion or application, the allegedly missing portions of the record are not relevant to the issues before us. *See Kaur v. B.I.A.*, 413 F.3d 232, 233 (2d Cir. 2005) (concluding that our review is limited to the decision that is the subject of the petition for review and that we are "precluded from passing on the merits of the underlying . . . proceedings"). To the extent Magassouba now invokes equitable tolling, his argument is not properly before us

4

because his 2023 motion to the BIA did not acknowledge the time and number limitations on his motion or seek equitable tolling. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

Thus, the only basis for reopening was an exercise of the BIA's sua sponte authority. The BIA may reopen sua sponte despite time and number limitations in "exceptional situation[s]." *Matter of J-L-L-*, 28 I. & N. Dec. 684, 687 (B.I.A. 2023); *see also* 8 C.F.R. § 1003.2(a). But its authority to do so is "entirely discretionary" and we lack jurisdiction to review it, *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006), except that we may remand if the BIA "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). There was no such misperception here.

In declining to reopen sua sponte, the BIA pointed out that the document Magassouba said was a gubernatorial pardon was not a pardon; he submitted the document with his 2018 motion to reconsider so it was not new or previously unavailable; vacatur of his forgery conviction did not affect removability because

5

he was ordered removed for overstaying a visa; and becoming eligible for relief after removal is not an exceptional circumstance. Accordingly, the BIA did not conclude that reopening would necessarily fail, it simply determined that changes in Magassouba's criminal history were not relevant to the ground of removal, and his eligibility to adjust was not an exceptional circumstance. There is no misperception of the law in these determinations as required for remand under *Mahmood*. *See id.*

We have considered Magassouba's remaining arguments and find that they do not pertain to the BIA's denial of the motion as untimely and number-barred and do not provide a basis for us to review the BIA's decision not to reopen under 8 C.F.R. § 1003.2(a) as a matter of discretion.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6